UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF:

Case No.: 8:22-cv-1211-KKM-AAS

THE COMPLAINT OF PARADISE
FAMILY, LLC, AS OWNER, AND
ANOTHER DAY IN PARADISE BOAT
CLUB, LLC, AS OWNER PRO HAC
VICE, OF THE 2021 19' HURRICANE
M/V EL NINO (HIN: GDY61279D121),
ITS ENGINE, TACKLE, APPURTENANCES,
EQUIPMENT, ETC., IN A CAUSE OF
EXONERATION FROM OR LIMITATION
OF LIABILITY,
_____/

**REPORT AND RECOMMENDATION**

Petitioners Paradise Family, LLC, as owner, and Another Day In Paradise Boat Club, LLC, as owner *pro hac vice*, of the of the 2021 19' Hurricane *M/V EL NINO* (HIN: GDY61279D121) (the Vessel), under Fed. R. Civ. P. 55 and Supplemental Rule F (5), moves for default judgment against all non-appearing potential claimants. (Doc. 19).

**I.    BACKGROUND**

Petitioners filed a Complaint for Exoneration from or Limitation of Liability under the Limitation of Liability Act, 46 U.S.C. §§30501–30512, and Supplemental Rule F, for any injuries, death, damages, or losses of whatever description arising from an August 13, 2021 incident involving the Vessel. (Doc

1

1).

Under to Supplemental Rule F(4), the court issued an Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction June 2, 2022, ordering that the Notice of Monition be published in accordance with Supplemental Rule F and that Petitioners mail a copy of said Notice to every person known to have made any claim against Petitioners or the Vessel arising out the incident described in the Complaint. (Doc. 8). The mailings and public notice of Monition have been made. (*See* Docs. 11, 14).

Under Supplemental Rule F(4), the court's Monition gave notice to all "persons or corporations" with claims arising out of the alleged August 13, 2021 incident involving the Vessel. The Monition directed all persons having such claims to file them as provided for in Supplemental Rule F with the Clerk of Court and serve on or mail to Petitioners' counsel a copy thereof, on or before July 29, 2022. The deadline for receipt of claims and answers has expired and only Claimant Courtney Petersen filed a claim. (Doc. 13).

Since the deadline for receipt of claims and answers expired and no other person filed any claims or pleadings in this matter, Petitioners moved for entry of Clerk's default. (Doc. 17). The Clerk entered a default against all non-appearing potential claimants. (Doc. 18). Petitioner now requests entry of final default judgment by the court against all non-appearing potential claimants having an interest in this matter.

## II.   DISCUSSION

"In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and filing claims." *In re Newport Freedog, LLC*, No. 8:18-cv-647-23-AEP, 2018 WL 3687986, at *2 (M.D. Fla July 16, 2018) *recommendation adopted sub nom. Newport Freedog, LLC v. Pepin*, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018). Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4). Once that notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided." Fed. R. Civ. P. Supp. F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint, unless the claim included an answer." *Id.*

3

In actions arising under Supplemental Rule F, default judgment will be entered against any potential claimant who failed to respond to a public notice of a complaint for exoneration from or limitation of liability within the established notice period when the petitioner fulfilled their "'obligation to publish notice of the limitation proceeding . . . the Notice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer.'" *In re: Ruth*, 8:15-cv-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted sub nom. In re 37' 2000 Intrepid Powerboat*, 8:15-cv-2895-T-23TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016) (quoting *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015)); *see also In re Reef Innovations, Inc.*, No. 11-cv-1703-Orl-31GJK, 2012 WL195531, at *2 (M.D. Fla. Jan. 6, 2012), *report and recommendation adopted sub nom. In Matter of Reef Innovations, Inc. v. Triplett*, 2012 WL 177558 (M.D. Fla. Jan. 23, 2012).

Petitioners fulfilled its obligations, and default judgment is warranted. A Clerk's default has been entered against potential claimant(s) who failed to file or otherwise state a claim. (Doc. 18). Thus, default judgment should be entered against potential claimant(s) who failed to file or otherwise state a claim.

## III. CONCLUSION

Accordingly, it is **RECOMMENDED**:

(1) Petitioners' Motion for Default Judgment against Non-Appearing Potential Claimants (Doc. 19) be **GRANTED**.

(2) Default Judgment should be entered against potential claimant that have not appeared but may have a claim against the petitioners.

(3) Petitioners should be exonerated from any responsibility, loss, damage or injury, from any and all claims arising out of the incident described in the Complaint for Exoneration from or Limitation of Liability (Doc. 1) against potential claimant(s) who failed to file or otherwise state a claim.

**ENTERED** in Tampa, Florida on August 19, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right

to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.